IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | 3:14-CV-00772-JO |
| | ) | 3:03-CR-00115-JO |
| v. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| ANTHONY K. SWIFT, | ) | |
| | ) | |
| Defendant-Petitioner | ) | |

JONES, District Judge

Anthony Swift moves the court to set aside his 2004 conviction as an Armed Career Criminal and vacate his ensuing 15-year sentence under 28 U.S.C. § 2255. He claims the sentence was improper on the grounds that, as a result of the recent Supreme Court decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013), his prior Assault III conviction is not a violent felony as contemplated by 18 U.S.C. § 924(e)(2)(B). This court DENIES Swift's motion on the grounds that follow.

## BACKGROUND

On March 11, 2003, a federal grand jury indicted Swift for possession of a firearm by a felon, later subjected to an Armed Career Criminal enhancement based on Swift's four prior convictions of Burglary I, Burglary II, Robbery I, and Assault III. The jury found Swift guilty on March 3, 2004, and later he was sentenced to a 15-year term of incarceration, the mandatory minimum sentence. Swift did not object to the application of his prior Assault III conviction as one of the three violent felony or serious drug offenses required for the Armed Career Criminal enhancement. 18 U.S.C. § 924(e)(2). Swift's direct appeal challenged the Armed Career Criminal sentence, arguing his burglary convictions were not violent crimes under 18 U.S.C. § 924(e)(2)(B). The Ninth Circuit upheld the conviction and sentence. *United States v. Swift*, 146 F. App'x 895 (9th Cir. 2005), *cert. denied*, 546 U.S. 1129 (2006).

On December 6, 2006, Swift filed a motion for relief under Section 2255, but voluntarily dismissed it on September 13, 2007. He filed this pro se motion on May 8, 2014, claiming the Supreme Court's 2013 *Descamps* decision allows his Section 2255 motion to prevail.

## LEGAL STANDARD

A federal prisoner in custody may claim the right to be released because his sentence was imposed in violation of the Constitution or laws of the United States by filing a motion with the sentencing court within one year of his conviction. 28 U.S.C. §2255(f)(1). Alternatively, a prisoner may file such a claim within one year after either an unlawful impediment to filing is removed or the Supreme Court recognizes a new constitutional right.

## DISCUSSION

Swift argues that the Supreme Court's *Descamps* decision allows him to prevail in a Section 2255 motion challenging the use of his prior Assault III conviction as a violent felony under 18 U.S.C. § 924(e)(2)(B). In *Descamps*, a criminal defendant charged with being a felon in possession of a firearm, challenged his enhanced sentence claiming his prior California burglary conviction was erroneously classified as a violent felony. The Supreme Court agreed, noting that the California burglary statute defined burglary more broadly than burglary's generic definition. *Descamps*, 133 S.Ct. at 2285-2286. For a variety of reasons, *Descamps* does not assist Swift.

### I. Statute of Limitations

Section 2255's one-year statute of limitations bars Swift's motion, which comes almost eight years following the affirmation of the conviction he wishes to challenge. There is no serious contention that Swift's Armed Career Criminal conviction was not final under Section 2255(f)(1)—the Supreme Court denied certiorari in his case in 2006. *Swift v. United States*, 546 U.S. 1129 (2006); *see Clay v. United States*, 537 U.S. 522, 529 (2003) (holding that a conviction is final when the Supreme Court denies a petition for a writ of certiorari); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). The limitations period in Section 2255(f) prevents appellant from obtaining relief under the statute.

Swift argues that the limitations period did not start until the Supreme Court's 2013 decision in *Descamps*. This argument appears to seek refuge in sections 2255(f)(2) and 2255(f)(3), which provide for later start dates for the limitations period under certain circumstances. Neither provision supports Swift's position.

Section 2255(f)(2) allows a prisoner to file a motion within one year after the removal of an unconstitutional or unlawful impediment to filing. A qualifying impediment under Section 2255(f)(2) must be an extraordinary circumstance beyond the prisoner's control. *See Schwartz*, 274 F.3d at 1224. Swift faced no such impediment. In the past eight years, no extraordinary circumstance rendered him incapable of filing a Section 2255 motion challenging the use of his prior Assault III conviction towards his sentence as an Armed Career Criminal. That he might have had a worse chance of success before *Descamps* did not make filing impossible.

Section 2255(f)(3) provides that a prisoner may file a Section 2255 motion within one year of Supreme Court recognition of a newly minted constitutional right. This subsection ensures prisoners are not punished for failing to challenge their convictions based on rights no one knew existed at the time. Even if Swift were correct and *Descamps* did remove his Assault III conviction from the category of violent felonies under 18 U.S.C. § 924(e)(2)(B), this reclassification does not amount to a new right. Indeed, Swift is only attempting to exercise the same right to file a Section 2255 motion that he exercised in 2006. Swift's circumstances do not demonstrate the new recognition of a constitutional right.

In sum, the period of limitations to file a Section 2255 claim has clearly run. Swift's motion is untimely and must be dismissed.

## II.   Dismissal on the Merits

Even if Swift's motion were not time-barred, it would still be dismissed on the merits. Assuming Swift is correct that Assault III is not a violent felony, he has three other violent felony convictions that satisfy 18 U.S.C. § 924(e). He would have been

lawfully charged as an Armed Career Criminal even without the Assault III conviction. His Armed Career Criminal sentence must be upheld even if the use of his Assault III conviction was improper.

### III.  Evidentiary Hearing

There is no need for an evidentiary hearing on this matter. Evidentiary hearings are required "where the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *See United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (internal quotation omitted); *see also* United *States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). Swift has not alleged facts that entitle him to relief if true. In fact, "the files and records conclusively show that the movant is not entitled to relief" no matter what relevant evidence he could put forth. *United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998). Swift's motion is denied without an evidentiary hearing.

### CONCLUSION

For the foregoing reasons, Swift's motion to set aside his conviction as an Armed Career Criminal and to vacate his sentence is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of June, 2014.

_____
Robert E. Jones, Senior Judge
United States District Court