IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | 3:14-CV-00772-JO |
| | ) | 3:03-CR-00115-JO |
| v. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| ANTHONY K. SWIFT, | ) | |
| | ) | |
| Defendant-Petitioner | ) | |

JONES, J.

Anthony Swift moves the Court under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b) for relief from the judgment entered June 3, 2014, dismissing his action under 28 U.S.C. § 2255. [# 102] Swift asks me to reconsider his challenge, under *Descamps v. United States*, 133 S.Ct. 2276 (2013), to the Armed Career Criminal enhancement I imposed for his 2004 conviction. Essentially, Swift contends I did not consider his argument that *Descamps* should apply retroactively based on the internal policy of the Department of Justice. According to Swift, the Department of Justice refrains from asserting that *Descamps* should not be applied retroactively on collateral review. Swift's motion is DENIED.

A district court may alter or amend a judgment under Rule 59(e) if newly discovered evidence emerges, the judgment was clearly erroneous, the decision was

manifestly unjust, or there is an intervening change in controlling law. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).

Under Rule 60(b), a district court may relieve a party from a final judgment if the moving party shows:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . .; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Swift has not satisfied the conditions required for relief under either Rule 59(e) or Rule 60(b).

Swift appears to argue that his Armed Career Criminal enhancement may be challenged because *Descamps* represents an intervening change in law. This rationale fails because the Supreme Court has not made *Descamps* retroactive on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662 (2001); *Jones v. Ryan*, 733 F.3d 825, 843 (9th Cir. 2013). Accordingly, Swift failed to show an intervening change in the law applicable to his case.

To the extent Swift argues that the Department of Justice policy provides a reason that justifies relief, I reject it. The internal policy of the Department of Justice does not create enforceable rights or require me to apply *Descamps* retroactively. *See Christensen v. Harris County*, 529 U.S. 576, 583 (2000) (opinion letters, policy statements, agency manuals, and enforcement guidelines lack the force of law); *Wilderness Watch, Inc., v.*

*United States Fish and Wildlife Serv.*, 629 F.3d 1024, 1035 (9th Cir. 2010). Accordingly, the internal policy cannot be an intervening change in controlling law or provide any other justification for relief.

To the extent Swift argues that my decision was manifestly unjust, I reject that contention. As I found in the Opinion and Order filed June 3, 2014, Swift's enhancement was based on four previous convictions for violent felonies, and he challenged only one in his motion under section 2255. Accordingly, even if he were to permitted to challenge his enhancement under a retroactive application of *Descamps*, his challenge would fail. He cannot show any prejudice, much less manifest injustice.

Construing Swifts motion liberally, I am unable to discern any other conceivable argument that would justify relief under Rule 59(e) or Rule 60(b). Accordingly, Swift's motion [# 102] is DENIED.

IT IS SO ORDERED.

DATED this 8th day of August, 2014.

                                                      Robert E. Jones, Senior Judge
                                                      United States District Court